Dykman, J.
This action is for the recovery of rebates yielded upon shipments of coal over the railroad of the defendant, subsequent to -January 1, 1879, and is based on a special written contract. The agreement was made in June, 1876, but the rebate for which it provided was paid by the defendant down to January 1, 1879. The execution of the contract and the transportation of the alleged quantity of coal in pursuance of its provisions seem to be undisputed, but the action is defended on the ground that the contract for the payment of rebates was against public policy, and therefore void; that there had been a failure of performance by an omission to erect a pocket of the capacity of 2,000 tons, as specified in the writing; that there had been a waiver of the payment of the rebates between January and October, 1879, and finally that the provision respecting the rebates had been so modified by a subsequent agreement that unless the revenue of the defendant from the transportation of coal for the year terminating September 30, 1880, was increased over that of the preceding year by the business under the contract, then all claim for the payment of rebate was waived; all the questions of fact involved in these defenses have been decided against the defendant by the referee before whom the cause was tried, and his findings are all sustained by the testimony. While it is quite true that much has been said, and much remains to be said, respecting the duty of common carriers to extend to all equal facilities and exact from all equal rates and compensation therefor, yet it never has been deemed a violation of the common law duty of a carrier to make special contracts for transportation less than the usual rates. Even discrimination, so long as it is not unjust, is not unlawful. This case discloses no element of extortion or abuse, and we discover neither principle nor authority that requires the condemnation of the contract.
The judgment should be affirmed, with costs.
Barnard, P. J., and Cullen, J., concur.